IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELLYCE RUMICK,　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　　　　　Plaintiff,　　　　　　）
　　　　　　　　　　　　　　　　　　）　Civil Action No.: 09 C 7736
v.　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）　Suzanne B. Conlon, Judge
STRYKER CORPORATION *et al.*,　　　）
　　　　　　　　　　　　　　　　　　）
　　　　　　　　Defendants.　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）

**MEMORANDUM OPINION AND ORDER**

Ellyce Rumick had hip replacement surgery in November 2007 and was given a Stryker Trident Hemispherical acetabular shell. When the artificial hip loosened, she underwent a second corrective surgery. In November 2009, Rumick sued the alleged manufacturers and distributors of the artificial hip in state court for product liability. She claimed the artificial hip (1) had a design with a high risk of malfunctioning, (2) contained manufacturing defects or omissions, and (3) exceeded internal acceptance criteria for manufacturing residual levels, and alleged defendants failed to warn consumers of the risks associated with the product. The case was removed to federal court in December 2009. Defendants Stryker Corporation and Howmedica Osteonics Corporation[1] moved for summary judgment, based primarily on the admissions Rumick made by not responding to the request for admissions. Rumick moves for

---

[1] Rumick named "Stryker Howmedica Osteonics Corporation" as a defendant. The corporation states its name is "Howmedica Osteonics Corporation." The court uses the latter name in this opinion. The remaining defendants, Stryker Orthopedics and Stryker UK Limited, are unserved.

1

leave to file responses to defendants' requests to admit, which the court construes as a motion to withdraw her admissions. *See United States v. Kasuboski*, 834 F.2d 1345, 1349-50 (7th Cir. 1987) (noting proper procedural vehicle to void admissions by nonresponse is a motion to withdraw admissions).

## I. Motion To Withdraw Admissions

If a party does not respond to a request for admission within 30 days of service, the facts raised in the request are conclusively established as true for the litigation. FED. R. CIV. P. 36; *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 604, 607 (7th Cir. 2008). The court may in its discretion allow Rumick to withdraw her admissions if "it would promote the presentation of the merits" and if defendants would not be prejudiced. FED. R. CIV. P. 36(b). Rumick bears the burden to show that allowing her to withdraw her admissions subserves the merits; defendants bear the burden of showing they would be prejudiced by a withdrawal. *Banos v. City of Chicago*, 398 F.3d 889, 892-93 (7th Cir. 2005).

Both sides present the events surrounding the request to admit in their filings. Rumick sets forth her version in her motion without providing supporting evidence, such as an affidavit or sworn statement. Stryker and Howmedica include a declaration, sworn to be true under penalty of perjury by attorney David Grycz, and related exhibits. To the extent the two versions of events differ, the court accepts defendants' supported version. *See United States v. Stevens*, 500 F.3d 625, 628-29 (7th Cir. 2007) ("[A]rguments in a Government brief, unsupported by documentary evidence, are *not* evidence." (emphasis in original)).

On August 13, 2010, Grycz mailed discovery requests addressed to both Daniel O'Connor and Rachel Garcia, Rumick's attorneys. Dkt. 39, Grycz Decl. I, ¶ 4, Ex. A. The

2

requests included interrogatories, a request for production, and a request for admissions. *Id.* Grycz emailed O'Connor and Garcia a courtesy copy on August 16. *Id.* ¶ 5, Ex. B. Garcia mistakenly filed the discovery requests as a pleading that did not need a response. Rumick Mot. to Withdraw ¶¶ 2, 4. (Garcia left the firm in October and was replaced by Jeff Jordan. *Id.* ¶¶ 3, 5.) Rumick did not provide any of the requested discovery by September 15, the due date. Grycz Decl. I ¶ 6.

On October 15, 2010, Grycz sent a letter and email to O'Connor and Jordan asking that they respond to the interrogatories and request to produce before October 19; otherwise he would file a motion to compel. Grycz Decl. I ¶ 10, Exs. C, D. Prompted by the letter, Jordan searched the Rumick file for the discovery requests and discovered the misfiled request for admissions. Rumick Mot. to Withdraw ¶ 6. Jordan called and left a message for Grycz about the overdue discovery responses on October 21. Grycz Decl. I ¶ 12. Grycz returned Jordan's call the next day. *Id.* ¶ 12. Jordan asked to be allowed to file a late response to the request for admissions. Rumick Mot. to Withdraw ¶ 9. Grycz said he had to discuss this with national counsel. *Id.* ¶ 10. Grycz called back on October 27 to deny the request to provide the overdue responses and to inform Jordan they were moving for summary judgment that day based on the admissions. *Id.* ¶ 11. Defendants prepared the motion for summary judgment before receiving the phone call from Rumick about the overdue discovery. Grycz Decl. I ¶ 13. Rumick moved to withdraw her admissions and included a proposed response to the requests to admit in which she denies all but three of the requests. Rumick Mot. to Withdraw ¶ 12, Ex. C.

Rumick's main argument is that she should be allowed to withdraw her admissions because insignificant time has elapsed since the response deadline. She relies on *Warfield v. City*

*of Chicago*, 565 F. Supp. 2d 948, 960-61 (N.D. Ill. 2008) (Castillo, J.), where plaintiffs were allowed to withdraw their admissions (by nonresponse) more than two years after the deadline. Rumick filed her motion to withdraw the admissions on November 2, 2010, only 48 days after the September 15 deadline. Rumick contends the admissions go to the heart of the case, and not allowing her to withdraw them would prevent her from presenting her theory of the case. In addition, she points out that her proposed responses demonstrate the wide disparity of the parties' views of the case.

Stryker and Howmedica argue Rumick has not met her burden to show that withdrawing her admissions would promote presentation of the merits; they contend Rumick has no evidence to support her theory of the case. As of November 19, 2010, Rumick had not disclosed her expert witnesses, despite a November 16 extended disclosure deadline. Dkt. 47, Grycz Decl. II ¶ 6; Dkt. 26 (Scheduling Order). In addition, the August 13 discovery requests asked Rumick to produce documents to support allegations in the complaint about the defective product. Grycz Decl. I, Ex. A, Request for Production. Rumick responded to these requests on November 16, but had no responsive documents. Grycz Decl. II, Ex. A. Rumick produced her medical records but otherwise answered "[n]one" or "[n]one at this time; investigation continues" to the document requests. *Id.* Stryker and Howmedica contend Rumick has no evidence to present on the merits, and allowing her to withdraw her admissions would serve only to increase litigation expenses and unnecessarily prolong the case.

Stryker and Howmedica's case for prejudice is not compelling. Rumick argues they will not be prejudiced because they have been aware since the onset of this case that she claims the artificial hip is defective, and they are defending similar lawsuits as well. Stryker and

Howmedica argue that in reliance on the admission, they have not sought discovery on those matters. Bypassing these avenues, they argue, will prejudice them in preparing for trial. However, the discovery cutoff is not until January 18, 2011, giving defendants another month and a half of discovery. They have not argued the remaining time would be insufficient to obtain the information they need to defend the case. Still, Rumick's failure to show she has any evidence to support her denials is a sufficient basis for the denial of her motion to withdraw her admissions.

## II. Motion for Summary Judgment

Summary judgment is appropriate if the evidence in the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Spivey v. Adaptive Marketing LLC*, 622 F.3d 816, 822 (7th Cir. 2010). Defendants are not required to disprove plaintiff's entire case but rather point to the absence of evidence to support one element of her claim. *Holmberg v. Baxter Healthcare Corp.*, 901 F.2d 1387, 1392 n.4 (7th Cir. 1990). An admission based on the failure to respond to a request for admissions may form the basis of a summary judgment motion. *Kasuboski*, 834 F.2d at 1350. In this diversity case, Illinois law provides the substantive law of decision.

Based on Rumick's admissions, summary judgment is warranted. Rumick opposes the motion solely on withdrawal of her admissions. If the court grants her motion to withdraw the admissions, she requests more time to respond to the summary judgment motion. Because the motion to withdraw her admissions is denied, the motion for more time to respond is moot. All defendants' Rule 56.1 statements that Rumick denied on the basis of her pending motion to withdraw admissions are deemed admitted. Pl. Resp. to Defs. Facts ¶¶ 13-14, 17-15.

5

Defendants argue Rumick cannot prevail on the defective manufacturing or design claims because she cannot prove causation. Rumick must prove her injury resulted from an unreasonably dangerous condition of the product that existed when the product left the manufacturer's control. *Mikolajczyk v. Ford Motor Co.*, 901 N.E.2d 329, 335 (Ill. 2008). The admissions here negate any evidence of causation. Rumick admits her injuries were not caused by a design or manufacturing defect in the artificial hip. Defs. Facts ¶¶ 20-21. She admits the artificial hip did not loosen because of a design or manufacturing defect. *Id.* ¶ 17-18. She admits she has no evidence that manufacturing residuals cause these artificial hips, in general or in her particular case, to loosen or to loosen at a higher-than-acceptable rate. *Id.* ¶ 22-24. Rumick proposes no other theory of causation regarding the design or manufacturing of the product. Therefore, she cannot show a genuine issue of material fact about whether a design or manufacturing defect caused her injury.

Stryker and Howmedica argue Rumick's failure to warn claim fails because her doctor was adequately warned about the risks and she signed a consent form acknowledging the risk of her artificial hip loosening. Rumick's doctor, not the manufacturer or distributor of the medical device, owes Rumick a duty to warn her of potential risks. *Hansen v. Baxter Healthcare Corp.*, 764 N.E.2d 35, 42 (Ill. 2002). The manufacturer's duty extends to adequately apprising the doctor, the learned intermediary, of the risks. *Id.* Rumick admits the instructions accompanying the artificial hip adequately warned her doctor about the risks of loosening. Defs. Facts ¶ 25. Defendants note Rumick signed a consent form acknowledging "loosening/failure of the prosthesis" as a risk of the procedure. *Id.* 12. In her response to the Rule 56.1 statements, Rumick admits she signed the form but contests that particular warning covers the loosening she

suffered. Pl. Resp. to Defs. Facts 13-14. She does not repeat that argument in her summary judgment response, and so it is waived. *Metzger v. Ill. State Police*, 519 F.3d 677, 681-82 (7th Cir. 2008). Even if not waived, the alleged inadequacy of her consent form does not affect the manufacturer or distributor's liability if the warnings they provided to her doctor were adequate, as she concedes. *See Quaid v. Baxter Healthcare Corp*, 910 N.E.2d 1236, 1248 (Ill. App. Ct. 2009) ("[A]s the manufacturer of a prescription drug, defendant's warnings ran to the health professionals who prescribed the medication, not to the patients who received them").

### III. Conclusion

For the foregoing reasons, Rumick's motion to withdraw her admissions is denied. Rumick and Howmedica's summary judgment motion is granted.

ENTER:

*[signature]*
Suzanne B. Conlon
United States District Judge

December 3, 2010